

**U.S. Department of Justice**
Criminal Division
Fraud Section

---

December 15th, 2008

Scott W. Muller, Esq.
Angela T. Burgess, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

**FILED**
DEC 15 2008
Clerk, U.S. District and
Bankruptcy Courts

RE:   United States v. Siemens Aktiengesellschaft   CR-08-367-RJL

Dear Mr. Muller and Ms. Burgess:

1.     This letter sets forth the full and complete plea offer to your client, Siemens Aktiengesellschaft (referred to herein as "Siemens AG" or "defendant"). This offer is by the Criminal Division of the U.S. Department of Justice and the United States Attorney's Office for the District of Columbia (collectively referred to as the "Department") and is binding upon both. It does not bind any other state or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein. However, the Department will bring this agreement and the cooperation of Siemens AG, its direct or indirect affiliates and subsidiaries to the attention of other prosecuting authorities or other agencies, if requested. Upon receipt and execution by or on behalf of Siemens AG, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

2.     **Charges:** Pursuant to Fed. R. Crim. P. 11(c)(1)(C), Siemens AG agrees to waive its right to grand jury indictment and its right to challenge venue in the District Court for the District of Columbia, and to plead guilty to a two-count information charging violations of the

internal controls and books and records provisions of the Foreign Corrupt Practices Act, Title 15, United States Code, Sections 78m(b)(2)(A), 78m(b)(2)(B), 78m(b)(5) and 78ff(a). It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. An authorized representative of Siemens AG will admit that Siemens AG is in fact guilty. By virtue of corporate resolution dated _12-9-08_, defendant has authorized this plea and has empowered its General Counsel, its Chief Counsel Project Office Compliance Investigation and/or its outside counsel, Davis Polk & Wardwell, to act on its behalf for purposes of this plea. Siemens AG agrees that it has the full legal right, power and authority to enter into and perform all of its obligations under this agreement and it agrees to abide by all terms and obligations of this agreement as described herein. The attached "Statement of the Offense" is a fair and accurate description of the facts the Department believes it can prove through admissible evidence regarding defendant's actions and involvement in the offense. Siemens AG is pleading guilty because it is guilty of the charges contained in the accompanying Information and admits and accepts responsibility for the conduct described in the Statement of the Offense. Prior to the Rule 11 plea hearing, defendant, through counsel, will adopt and sign the Statement of the Offense as a written proffer of evidence by the United States.

3.        **Potential penalties, assessments, and restitution**: The statutory maximum sentence that the Court can impose for each violation of Title 15, United States Code, Section 78m(b)(2)(A) and (b)(5), and for each violation of Title 15, United States Code, Section 78m(b)(2)(B) and (b)(5), is a fine not exceeding $25,000,000 (15 U.S.C. § 78ff(a)) or twice the pecuniary gain derived from the offense or twice the pecuniary loss from the offense suffered by a person other than defendant (18 U.S.C. §3571); five years' probation, 18 U.S.C. § 3561(c)(1);

and a mandatory special assessment of $400, 18 U.S.C. § 3013(a)(2)(B). The statutory maximum sentences for multiple counts can be aggregated and may run consecutively. The parties agree that restitution is not required and that probation is not necessary in light of the monitorship provisions and undertakings in this agreement and in the Judgment being entered in the companion case of U.S. Securities and Exchange Commission v. Siemens Aktiengesellschaft, Civil Action No. 08-02-167.

4.        **Federal Sentencing Guidelines:** The parties agree that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The Court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties agree that for purposes of determining an advisory sentencing guideline range, the 2007 Sentencing Guidelines apply as follows:

   a.     **Calculation of Offense Level:**

| | | |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense Level | 6 |
| § 2B1.1(b)(1)(P) | Loss of $400 million or more | 30 |
| § 2B1.1(b)(2)(C) | Over 250 victims | 6 |
| § 2B1.1(b)(9) | Significant Conduct Outside U.S./ Sophisticated Means | 2 |
| | **TOTAL** | **44** |

b.   **Calculation of Culpability Score:**

| | | |
|---|---|---|
| § 8C2.5(a) | Base Score | 5 |
| § 8C2.5(b) | 5,000 or More Employees and High-Level Personnel Involvement/ Pervasive Tolerance | 5 |
| § 8C2.5(g)(2) | Full Cooperation and Acceptance of Responsibility[1] | -2 |
| | **TOTAL** | **8** |

c.   **Calculation of Fine Range:**

| | |
|---|---|
| Base Fine: Greater of the amount from table in U.S.S.G. § 8C2.4(a)(1) & (d) corresponding to offense level of 44 ($72,500,000), or the pecuniary loss/gain from the offense ($843,500,000) (U.S.S.G. § 8C2.4(a)(2)): | $843,500,000 |
| Multipliers, culpability score of 8 (U.S.S.G. § 8C2.6) | 1.6 – 3.2 |
| **Fine Range (U.S.S.G. § 8C2.7):** | **$1.35-2.70 Billion** |

The parties agree and stipulate that for purposes of U.S.S.G. § 2B1.1(b)(1)(P), the loss amount is $843,500,000, a sum that the parties agree is the total amount of (a) corporate assets known to have been distributed for unauthorized purposes, and (b) the profits from defendant's Oil for Food Program contracts, which were reasonably calculable. The parties agree that the offenses of conviction should be grouped together for purposes of sentencing pursuant to U.S.S.G. § 3D1.2.

---

[1] The cooperation and compliance and remediation efforts of Siemens AG are described in more detail in the Department's Sentencing Memorandum.

5. **Penalties and Assessments**: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Department and defendant agree that the appropriate sentence in the case, after consideration of (a) the appropriate consideration of the Sentencing Guidelines, (b) defendant's assistance in the investigation of other individuals and organizations pursuant to U.S.S.G. § 8C4.1, (c) its payments of fines or disgorgement in other related proceedings both in the U.S. and in Germany, (d) its substantial compliance and remediation efforts, (e) its extraordinary rehabilitation, as outlined in the Department's Sentencing Memorandum and (f) the factors set forth in 18 U.S.C. § 3553(a), is a criminal fine in the amount of $448,500,000 and a special assessment of $800. Although this represents a number below the advisory sentencing guideline range, the parties agree and stipulate that the factors mentioned above and described in the Department's Sentencing Memorandum represent mitigating circumstances "of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission." 18 U.S.C. § 3553(b)(1). This $448,500,000 fine and the $800 special assessment shall be paid to the Clerk of Court, United States District Court for the District of Columbia, within ten (10) days of sentencing. Defendant acknowledges that no tax deduction may be sought in connection with the payment of this $448,500,000 penalty.

6. **Court is Not Bound**: Defendant understands that, if the Court rejects this agreement, the Court must: (a) inform the parties that the Court rejects the agreement, (b) advise defendant's counsel that the Court is not required to follow the agreement and afford defendant the opportunity to withdraw its plea, and (c) advise defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward defendant than the agreement contemplated. Defendant further understands that if the Court refuses to accept any provision of this plea agreement, neither party shall be bound by the provisions of the agreement.

7.      **Waiver of Rights**: Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Defendant expressly warrants that it has discussed these rules with its counsel and understands them. Solely to the extent set forth below, defendant voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Specifically, defendant understands and agrees that any statements that it makes in the course of its guilty plea or in connection with this plea agreement are admissible against it for any purpose in any U.S. federal criminal proceeding if, even though the Department has fulfilled all of its obligations under this agreement and the Court has imposed the agreed-upon sentence, Siemens AG nevertheless withdraws its guilty plea.

The parties further agree, with the permission of the Court, to waive the requirement for a pre-sentence report pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A), based on a finding by the Court that the record contains information sufficient to enable the Court to meaningfully exercise its sentencing power. The parties agree, however, that in the event the Court orders the preparation of a pre-sentence report prior to sentencing, such order will not affect the agreement set forth herein.

The parties further agree to ask the Court's permission to combine the entry of the plea and sentencing into one proceeding. However, the parties agree that in the event the Court orders that the entry of the guilty plea and sentencing hearing occur at separate proceedings, such an order will not affect the agreement set forth herein.

If the Court orders a pre-sentence investigation report or a separate sentencing date, the parties agree to waive the time requirements for disclosure of and objections to the pre-sentence

6

investigation report under Fed. R. Crim. P. 32(e), so as to accommodate a sentencing hearing prior to the date that would otherwise apply. At the time of the plea hearing, the parties will suggest mutually agreeable and convenient dates for the sentencing hearing with adequate time for (a) any objections to the pre-sentence report, and (b) consideration by the Court of the pre-sentence report and the parties sentencing submissions.

8. **Press Releases:** Defendant agrees that if Siemens AG or any of its direct or indirect affiliates or subsidiaries issues a press release in connection with this agreement, defendant shall first consult the Department to determine whether (a) the text of the release is true and accurate with respect to matters between the Department and defendant; and (b) the Department has no objection to the release. Statements at any press conference concerning this matter shall be consistent with this press release.

9. **Sales, Mergers or Transfers:** Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, defendant agrees that in the event it sells, merges or transfers all or substantially all of its business operations, or all or substantially all of one of its seventeen (17) individual operating divisions and cross-sector businesses, as they exist as of the date of this agreement, whether such sale(s) is/are structured as a stock or asset sale, merger, or transfer, Siemens AG shall include in any such contract for sale, merger or transfer, a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the obligations described in this agreement. In considering requests for exemption from or modifications of this requirement, the Department agrees to consider in good faith Siemens AG's compliance history with respect to the business, and all other relevant facts and circumstances including the need for and cost of compliance with this provision.

10.     **Continuing Cooperation**: Siemens AG shall: (a) plead guilty as set forth in this agreement; (b) abide by all sentencing stipulations contained in this agreement; (c) appear, through its duly appointed representatives, as ordered for all court appearances and obey any other ongoing court order in this matter; (d) commit no further crimes; (e) be truthful at all times with the Court; (f) pay the applicable fine and special assessment; and (g) continue to cooperate fully with the Department, the Federal Bureau of Investigation, the Internal Revenue Service, Criminal Investigation Division, the U.S. Securities and Exchange Commission and the Munich Public Prosecutor's Office in a manner consistent with the non-waiver agreement between the parties, dated March 16, 2007, and consistent with applicable law and regulation including labor, data protection, and privacy laws. At the request of the Department, Siemens AG shall also cooperate fully with such other foreign law enforcement authorities and agencies, and in such manner, as the parties may agree. Siemens AG shall truthfully disclose all non-privileged information with respect to the activities of Siemens AG and its subsidiaries, its present and former directors, officers, employees, agents, consultants, contractors and subcontractors, concerning all matters relating to corrupt payments in connection with their operations, related books and records and internal controls about which Siemens AG has any knowledge and about which the Department, the Federal Bureau of Investigation, the Internal Revenue Service, Criminal Investigation Division, the U.S. Securities and Exchange Commission, the Munich Public Prosecutor's Office or, at the request of the Department, any mutually agreed upon foreign law enforcement authorities and agencies, shall inquire. This obligation of truthful disclosure includes the obligation, consistent with applicable law or regulation including labor, data protection, and privacy laws, to provide, upon request, any non-privileged document, record, or other tangible evidence in the custody and control of Siemens AG relating to such

corrupt payments, books and records, and internal controls about which the aforementioned authorities and agencies shall inquire of Siemens AG, subject to the direction of the Department where appropriate. In addition, Siemens AG agrees to recommend orally and in writing that all Siemens AG officers, directors, employees, agents and consultants cooperate fully with any investigation or prosecution conducted by any of the aforementioned authorities and agencies relating to corrupt payments, related books and records, and internal controls, including appearing for interviews and testimony in the United States or elsewhere, and shall pay reasonable costs associated with such cooperation. All such requests for information shall be channeled through Siemens AG's existing Project Office Compliance Investigation, unless the parties otherwise agree. Nothing in this agreement shall be construed to require Siemens AG to conduct any further investigation other than as necessary to identify and produce relevant non-privileged documents, records or other tangible evidence within the custody and control of Siemens AG.

11.       **Remediation**: Siemens AG agrees, for itself and its subsidiaries, to maintain a compliance and ethics program that includes, at a minimum, the basic components set forth in Attachment 1, which are hereby incorporated herein. Siemens AG's program must be reasonably designed to detect and deter violations of the Foreign Corrupt Practices Act and similar anti-corruption laws, both domestic and foreign, and to ensure that its books, records, and accounts, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets, and that it has a system of internal accounting controls sufficient to provide reasonable assurances that: (a) transactions are executed with management's general or specific authorization; (b) transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria

applicable to such statements, and (ii) to maintain accountability for assets; (c) access to assets is permitted only in accordance with management's general or specific authorization; and (d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

12.     **Corporate Monitor**: Subject to the approval of the Court, Siemens AG agrees that as part of its continuing cooperation obligations and to ensure that Siemens AG implements an effective system of corporate governance and compliance with applicable laws and regulations going forward, Dr. Theodor Waigel will serve as an independent monitor (the "Monitor") for a period of up to four (4) years from the date of signing of this agreement. The term of the monitorship and the Monitor's powers, duties and responsibilities will be as set forth in Attachment 2. Siemens AG further agrees to retain F. Joseph Warin of Gibson, Dunn & Crutcher, LLP to provide counsel ("Independent U.S. Counsel") to the Monitor regarding compliance with the U.S. Foreign Corrupt Practices Act, 15 U.S.C. §§78dd-1, et seq., and to assist the Monitor in the performance of his duties and responsibilities as set forth in Attachment 2. Siemens AG agrees to engage the Monitor and retain the Independent U.S. Counsel within sixty (60) days from the date of the acceptance of this agreement by the Court. If either of Dr. Waigel or Mr. Warin resigns or is otherwise unable to fulfill his obligations as set out herein, Siemens AG, or its successor, shall within thirty (30) calendar days recommend a pool of three qualified monitor or Independent U.S. Counsel candidates, as the case may be, from which to choose a potential replacement. Siemens AG and the Department shall use mutual best efforts to agree on a replacement for the Monitor or Independent U.S. Counsel. If the Department, in its sole discretion, is not satisfied with the candidates proposed, the Department reserves the right to seek additional nominations from Siemens AG.

13. **Department Concessions:** In exchange for defendant's guilty plea, the guilty pleas to be taken by Siemens S.A. (Argentina), Siemens S.A. (Venezuela) and Siemens Bangladesh Ltd., and the complete fulfillment of all of defendant's obligations under this agreement, the Department agrees not to use any information related to the conduct described in the accompanying Information and Statement of the Offense, or any other conduct disclosed to the Department prior to the date of this agreement, against defendant or any of its present or former subsidiaries or affiliates in any criminal case except in a prosecution for perjury or obstruction of justice, in a prosecution for making a false statement after the date of this agreement, or in a prosecution or other proceeding relating to any crime of violence. In addition, the Department agrees that it will not bring any criminal charge against defendant, or any of its present or former subsidiaries or affiliates for conduct that (i) arises from or relates in any way to the conduct of defendant or its present and former employees, consultants and agents alleged in the accompanying Information and Statement of the Offense or the Informations and Statements of the Offense accompanying the pleas of Siemens S.A. (Argentina), Siemens S.A. (Venezuela), and Siemens Bangladesh Ltd. or any similar conduct that took place prior to the date of this agreement, or (ii) that arises from or relates in any way to information disclosed by defendant to the Department prior to the date of this agreement. This paragraph does not provide any protection against prosecution for any corrupt payments, false accounting, or circumvention of internal controls, if any, made in the future by defendant, or any of its officers, directors, employees, agents or consultants, whether or not disclosed by defendant pursuant to the terms of this agreement. This agreement will not close or preclude the investigation or prosecution of any natural persons, including any current or former officers, directors, employees, stockholders, consultants or agents of defendant, of its present or future direct or indirect affiliates or of its

present or future subsidiaries who may have been involved in any of the matters set forth in the accompanying Statement of the Offense or in any other matters. Finally, the Department agrees that it will file a Sentencing Memorandum in support of the proposed agreed-upon sentence that will include a description of (a) relevant facts, (b) the nature of the offenses, and (c) Siemens AG's cooperation and compliance and remediation measures including the fact that the Department is aware of no evidence that any present member of the Siemens AG Managing Board or Supervisory Board had knowledge of or involvement in the offenses charged in the Criminal Information. The Department further agrees to cooperate with Siemens AG, in a form and manner to be agreed, in bringing facts relating to the nature of the charges and to Siemens AG's cooperation, remediation and its present reliability and responsibility as a government contractor to the attention of other governmental authorities as requested.

14.     **Full Disclosure/Reservation of Rights**: In the event the Court directs the preparation of a pre-sentence report, the Department will fully inform the preparer of the pre-sentence report and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Waiver of Appeal Rights**: Defendant knowingly, intelligently, and voluntarily waives its right to appeal the conviction in this case. Defendant similarly knowingly, intelligently, and voluntarily waives its right to appeal the sentence imposed by the Court, provided such sentence is consistent with the terms of this plea agreement. Defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date this agreement is signed in the event that: (a) the conviction is later

vacated for any reason; (b) defendant violates this agreement; or (c) the plea is later withdrawn. The Department is free to take any position on appeal or any other post-judgment matter.

16. **Breach of Agreement:** Defendant agrees that if it fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea after sentencing even though the Department has fulfilled all of its obligations under this agreement and the Court has imposed the sentence (and only the sentence) provided in this agreement, the Department will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the Department will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence (for example, should defendant commit any conduct after the date of this agreement – examples of which include but are not limited to, obstruction of justice and false statements to law enforcement agents, the probation office, or the Court – the Department is free under this agreement to seek an increase in the sentence based on that post-agreement conduct); (b) defendant will not have the right to withdraw the guilty plea; (c) defendant shall be fully subject to criminal prosecution for any other crimes which it has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Department will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by defendant pursuant to this agreement, as well as the admitted Statement of the Offense.

In the event of such breach, any such prosecutions of defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations in the interval between now and the commencement of such

prosecutions. Defendant knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

17.     **Complete Agreement**: No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein. Nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by defendant, defendant's counsel, an attorney for the U.S. Department of Justice, Criminal Division, Fraud Section, and an Assistant United States Attorney for the District of Columbia. If the foregoing terms and conditions are satisfactory, Siemens AG may indicate its assent by signing the agreement in the space indicated below and returning the original once it has been signed by Siemens AG and its counsel.

STEVEN A. TYRRELL
Chief
Fraud Section, Criminal Division

By: _____
Mark F. Mendelsohn
Deputy Chief
Fraud Section, Criminal Division
(202) 514-1721

By: _____
Lori A. Weinstein
Trial Attorney – Foreign Corrupt Practices Act
Fraud Section, Criminal Division
(202) 514-0839

United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/ John D. Griffith_____
John D. Griffith
Assistant United States Attorney
Fraud and Public Corruption Section
(202) 353-2453

United States Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

FOR SIEMENS AG: _____[signature]_____