```
 1              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA
 2   --------------------------X
     UNITED STATES OF AMERICA,     Docket No. 08CR367
 3                   Plaintiff,
              v.                   Washington, D.C.
 4                                 December 15, 2008
                                   10:00 a.m.
 5   SIEMENS AKTIENGESELLSCHAFT,
                     Defendant.
 6   --------------------------X
     UNITED STATES OF AMERICA,     Docket No. 08CR368
 7                   Plaintiff,
              v.
 8   SIEMENS S.A. ARGENTINA,
                     Defendant.
 9   --------------------------X
     UNITED STATES OF AMERICA,     Docket No. 08CR369
10                   Plaintiff,
              v.
11   SIEMENS BANGLADESH LIMITED,
                     Defendant.
12   --------------------------X
     UNITED STATES OF AMERICA,     Docket No. 08CR370
13                   Plaintiff,
              v.
14   SIEMENS S.A. (VENEZUELA),
                     Defendant.
15   --------------------------X
     U.S. SECURITIES AND          Docket No. 08CV2167
16   EXCHANGE COMMISSION,
                     Plaintiff,
17            v.
     SIEMENS AKTIENGESELLSCHAFT,
18                   Defendant.
     --------------------------X
19

20            PLEA HEARING AND SENTENCING
          BEFORE THE HONORABLE RICHARD J. LEON
21            UNITED STATES DISTRICT JUDGE

22   APPEARANCES:
     For the Plaintiff:    UNITED STATES ATTORNEY'S OFFICE
23                         By:  Mr. John D. Griffith
                           555 Fourth Street, N.W.
24                         Washington, D.C.  20530
                           202.353.2453
25                         john.griffith3@usdoj.gov
```

```
 1   APPEARANCES:(CONT'D)
     For the Plaintiff:       UNITED STATES DEPARTMENT OF JUSTICE,
 2                             Fraud Section, Criminal Division
                               Foreign Corrupt Practices Act
 3                            By:  Ms. Lori A. Weinstein
                              1400 New York Avenue, N.W.
 4                            BOND Building, 3rd Floor
                              Washington, D.C.  20530
 5                            202.514.0839
                              lori.weinstein@usdoj.gov
 6
                              UNITED STATES DEPARTMENT OF JUSTICE
 7                             Deputy Chief, Fraud Section,
                               Criminal Division
 8                            By:  Mr. Mark F. Mendelsohn
                              1400 New York Avenue, N.W.
 9                            BOND BUILDING, 4th Floor
                              Washington, D.C.  20005
10                            202.514.1721
                              mark.mendelsohn@usdoj.gov
11
                              UNITED STATES SECURITIES and
12                             EXCHANGE COMMISSION
                              By:  Ms. Cheryl J. Scarboro,
13                                  Associate Director

14                                  Ms. Denise Y. Hansberry,
                                     Staff Attorney
15
                                    Mr. Robert I. Dodge,
16                                   Division of Enforcement

17                                  Ms. Tracy Linkins Price
                                     Branch Chief
18                            100 F Street, N.E.
                              Washington, D.C.  20549
19                            scarboroc@sec.gov
                              hansberryd@sec.gov
20                            dodger@sec.gov
                              PriceT@sec.gov
21
     For the Defendant:       DAVIS POLK & WARDWELL
22                            By:  Mr. Scott W. Muller
                              450 Lexington Avenue
23                            New York, New York  10017
                              212.530.4090
24

25
```

```
1   APPEARANCES:(CONT'D)

2   For the Defendant:       DAVIS POLK & WARDWELL
                             By:  Mr. Robert Fiske
3                            450 Lexington Avenue
                             New York, New York  10017
4                            212.530.4090

5                            DAVIS POLK & WARDWELL
                             By:  Ms. Margaret M. Ayres
6                            1300 I Street, N.W.
                             10th Floor, East Tower
7                            Washington, D.C.  20005
                             202.962.7142
8
    Court Reporter:          Catalina Kerr, RPR
9                            U.S. District Courthouse
                             Room 6716
10                           Washington, D.C.  20001
                             202.354.3258
11
    Proceedings recorded by mechanical stenography, transcript
12  produced by computer.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1              P-R-O-C-E-E-D-I-N-G-S

2          (10:00 P.M.; OPEN COURT; DEFENDANT'S

3   REPRESENTATIVES WITH THEIR ATTORNEYS PRESENT.)

4          THE DEPUTY CLERK:  Calling Criminal Cases 08-367,

5   United States of America versus Siemens AG; 08-368, United

6   States of America versus Siemens S.A. Argentina; United States

7   of America versus Siemens Bangladesh Limited, Criminal Case

8   08-369; and Criminal Case 08-370, United States of America

9   versus Siemens Venezuela; and Civil Case 08-2167, U.S.

10  Securities and Exchange Commission versus Siemens

11  Aktiengesellschaft.

12          Counsel, please come forward and identify yourselves

13  for the record.

14          MS. WEINSTGEIN:  Good morning, Your Honor, on behalf

15  of the United States, I am Lori Weinstein with the fraud

16  section of the criminal division of the Department of Justice.

17  With me also on behalf of the United States today are Mark

18  Mendelsohn of the fraud section as well as Assistant U.S.

19  Attorney John Griffith from the District of Columbia.

20          MR. GRIFFITH:  Good morning, Your Honor.

21          MS. WEINSTGEIN:  We also have with us Special Agent

22  Brian Smith of the Federal Bureau of Investigation and three

23  attorneys -- four attorneys from the SEC, Associate Director

24  of Enforcement, Cheryl Scarboro; Branch Chief, Tracy Price,

25  and Senior Counsel, Bob Dodge and Denise Hansberry.

1          THE COURT:  Well, good morning, and welcome all.

2   And I have granted your motion, Mr. Muller.

3          MR. MULLER:  Thank you, Your Honor.

4          THE COURT:  And Mr. Fiske, I might add, too.

5          MR. MULLER:  I was going to ask whether you were

6   going to hold his in abeyance, Your Honor.

7          Scott Muller on behalf of Siemens AG, Siemens

8   Argentina, Siemens Bangladesh and Siemens Venezuela.  At

9   counsel table, Your Honor, is Peter Solmssen who is the

10  general counsel of Siemens AG.

11         THE COURT:  Welcome.

12         MR. MULLER:  And Niels Hartwig as senior lawyer at

13  Siemens AG reporting to Mr. Solmssen and the chief counsel for

14  the compliance investigation for the last several years.

15         Margaret Ayres from my firm, Davis Polk & Wardwell.

16         THE COURT:  Welcome.

17         MR. MULLER:  And Mr. Fiske, of course, from Davis

18  Polk & Wardwell.

19         THE COURT:  Welcome.  All right, Counsel.  Well,

20  thank you for all your hard work, and to say least, this is

21  not the typical everyday criminal case we get in this

22  courtroom, and an awful lot of hard work from both sides has

23  been put into coming up with a resolution in the case that is

24  in the interest of the United States and in the interest of

25  the parties, so I want to applaud your hard work and the

 1   craftsmanship of the documents you've submitted and the

 2   fairness, I would say, and reasonableness of the work product

 3   you've come up with.

 4        I mean, obviously, the Court had this situation

 5   brought to its attention relatively recently and was able to

 6   have the benefit of both sides' preview of coming attractions,

 7   so to speak, and certainly based upon the drafts of this --

 8   these documents, the Court was more than satisfied that this

 9   was an appropriate way to deal with this case and move this

10   case forward.

11        So, I gather, Mr. Muller, you'll be representing the

12   company here, so why don't you come on up with your colleagues

13   who are ready to go forward, and they can be sworn.

14        THE DEPUTY CLERK:  Please raise your right hand.

15        (MR. PETER SOLMSSEN AND MR. NIELS HARTWIG SWORN BY

16   THE DEPUTY CLERK.)

17        THE COURT:  All right.  Good morning, gentlemen.  I

18   understand that you will be representing the companies in this

19   case; is that correct?

20        MR. SOLMSSEN:  That is correct.

21        THE COURT:  All right.  Why don't you identify

22   yourself for the record.

23        MR. SOLMSSEN:  My name is Peter Solmssen.  I'm a

24   member of the managing board of Siemens AG and its general

25   counsel.

1          THE COURT:  Okay.  And you've been authorized duly

2    by the Corporation to represent them in the taking of this

3    plea today?

4          MR. SOLMSSEN:  I have.

5          THE COURT:  Very good.

6          And, sir, why don't you identify yourself for the

7    record.

8          MR. HARTWIG:  My name is Niels Hartwig.  I'm chief

9    counsel for the compliance investigation in the legal

10   department.

11         THE COURT:  All right.  And you are here

12   representing Siemens Argentina, Siemens Bangladesh and Siemens

13   Venezuela; is that correct?

14         MR. HARTWIG:  Yes.

15         THE COURT:  And have you been duly authorized by the

16   boards of those companies to represent them today?

17         MR. HARTWIG:  Yes.

18         THE COURT:  And to go forward with the plea?

19         MR. HARTWIG:  Yes.

20         MR. MULLER:  Your Honor, for the record, we have

21   submitted to the clerk corporate authorizations from each of

22   the four corporate Defendants.

23         THE COURT:  Good point.  Thank you very much,

24   Mr. Muller.  The Court is in possession of those, appears to

25   be duly signed and authorized, so the Court appreciates that.

1    I also have here the originals of the plea agreements that

2    have been signed off on by each of you; is that correct?

3            MR. SOLMSSEN:  That's correct.

4            MR. HARTWIG:  That's correct.

5            THE COURT:  Very good.  Well, now, you're under

6    oath, so you understand that the answers to the Court's

7    questions could be used against you later in a prosecution for

8    perjury of making false statements if you don't answer

9    truthfully; you understand that, don't you, gentlemen?

10           MR. SOLMSSEN:  Yes, I do.

11           MR. HARTWIG:  Yes, I do.

12           THE COURT:  Very good.  So, what we'll do is we'll

13   go through this colloquy process, which I must do under the

14   Federal Rules of Criminal Procedure, and at different points

15   I'll pause and ask you to answer individually for your

16   respective clients and companies.

17           So, I'll start with Siemens AG at the appropriate

18   point, and then I'll ask you, sir, for each of the three

19   individual companies to give me an answer as to each one of

20   those three, okay.  Very good.

21           Now, I understand from the documents that have been

22   filed, Mr. Muller, that you wish to enter guilty pleas on

23   behalf of Siemens Company AG and Siemens Argentina, Siemens

24   Bangladesh and Siemens Venezuela.  You've already indicated

25   that you are duly authorized, so let me go through a series of

1    questions regarding each of the companies.

2           First of all, are you both familiar with the facts

3    and circumstances of these matters here?

4           MR. SOLMSSEN:  Yes.

5           MR. HARTWIG:  Yes.

6           THE COURT:  Now, in that instance there, I will

7    accept your answer for all three of the subsidiary companies,

8    okay.

9           MR. HARTWIG:  Okay.

10          THE COURT:  Very good.  And I'll have you

11   distinguish, if there's a particular question, I'll want you

12   to speak separately, all right.

13          Have the boards of directors of these corporations

14   authorized you to enter pleas of guilty to the charges set out

15   in the information pending against them?

16          MR. SOLMSSEN:  Yes.

17          MR. HARTWIG:  Yes.

18          THE COURT:  All right.  Now, before accepting your

19   pleas, I must ask you certain questions to ensure that you

20   understand the rights and -- that you understand your rights

21   under the constitutional laws of the United States and that

22   your pleas are voluntary.

23          If you don't understand any of my questions at any

24   time, please ask me to pause and you can ask any question

25   you'd like to either your counsel or the Court; you understand

1   that?

2           MR. SOLMSSEN:  Yes.

3           MR. HARTWIG:  Yes.

4           THE COURT:  Very good.  First of all, before I

5   proceed any further, does counsel for either side have any

6   question as to Defendant's competence to enter plea at this

7   time?

8           MR. MULLER:  There's no question on our part, Your

9   Honor.

10          MS. WEINSTEIN:  Not from the Government's

11  perspective either, Your Honor.

12          THE COURT:  All right.  The Court finds that the

13  Defendants and their representatives are fully competent and

14  capable of entering an informed plea on this occasion.

15          Now, gentlemen, have you had adequate time and

16  opportunity to discuss this case with your attorneys?

17          MR. SOLMSSEN:  Yes.

18          MR. HARTWIG:  Yes.

19          THE COURT:  All right.  Are you satisfied with your

20  attorney's representation?

21          MR. SOLMSSEN:  Yes.

22          MR. HARTWIG:  Yes.

23          THE COURT:  All right.  Now, do your companies --

24  respective companies understand that they have a right to a

25  presentation of these matters before grand jury for an

1    indictment of the information contained in this information;

2    you understand that?

3              MR. SOLMSSEN:  Yes.

4              MR. HARTWIG:  Yes.

5              THE COURT:  Okay.  And you each, on behalf of your

6    companies, waive that right?

7              MR. SOLMSSEN:  Yes.

8              MR. HARTWIG:  Yes.

9              THE COURT:  Very good.  Do each of your respective

10   companies understand that they have a right to challenge the

11   United States' choice of venue in this court for the

12   prosecution of this case?

13             MR. SOLMSSEN:  Yes.

14             MR. HARTWIG:  Yes.

15             THE COURT:  And do your companies understand that

16   they are waiving that right?

17             MR. SOLMSSEN:  Yes.

18             MR. HARTWIG:  Yes.

19             THE COURT:  All right.  Now, do both of your

20   companies understand that they have a right, under the

21   constitution, to a trial by jury on the charges contained in

22   this information?

23             MR. SOLMSSEN:  Yes.

24             MR. HARTWIG:  Yes.

25             THE COURT:  All right.  Do they understand that if

1   there were a trial, each would be presumed to be innocent and

2   that the Government would be required to prove each Defendant

3   guilty by competent evidence beyond a reasonable doubt?

4              MR. SOLMSSEN:  Yes.

5              MR. HARTWIG:  Yes.

6              THE COURT:  All right.  Furthermore, if there were a

7   trial, witnesses for the Government would have to come here to

8   court, testify in the Defendant's presence and present

9   information that could be cross-examined by your counsel and

10  your counsel could present evidence on your behalf; you

11  understand that?

12             MR. SOLMSSEN:  Yes.

13             MR. HARTWIG:  Yes.

14             THE COURT:  All right.  Now, if I accept your pleas,

15  each Defendant will be waiving these rights and there'll be no

16  trial and I'll be entering a judgment of guilty against them;

17  you understand that?

18             MR. SOLMSSEN:  Yes.

19             MR. HARTWIG:  Yes.

20             THE COURT:  All right.  Do they also understand that

21  they have a right not to incriminate themselves and that if

22  they enter a plea today, they will be waiving that right

23  against self-incrimination?

24             MR. SOLMSSEN:  Yes.

25             MR. HARTWIG:  Yes.

1        THE COURT:  Now, the offense to which these

2   companies are pleading guilty are felony offenses, and as a

3   result of pleading to a felony offense, there may be

4   collateral consequences to the companies which you may have

5   discussed already with your counsel, I might add, but there

6   may be collateral consequences.  Do you understand these are

7   federal offenses?

8        MR. SOLMSSEN:  We do.

9        MR. HARTWIG:  Yes.

10        THE COURT:  All right.  Now, each Defendant has

11   received a copy of the information in this case, have you not?

12        MR. SOLMSSEN:  We have.

13        MR. HARTWIG:  We have.

14        THE COURT:  All right.  And you've had an

15   opportunity to review and discuss that with your counsel, have

16   you not?

17        MR. SOLMSSEN:  Yes, we have.

18        MR. HARTWIG:  Yes.

19        THE COURT:  All right.  Good.  Now, with regard to

20   these informations -- Mr. Muller, do you happen to have a

21   copy, by any chance there, of the information?

22        MR. MULLER:  Yes.

23        THE COURT:  I have my own copy here.  I just wanted

24   to have you have it handy in case they wanted to look at it

25   there.

 1            MR. MULLER:  Yes, we have it right here, Your Honor.

 2            THE COURT:  All right.  Basically, with respect to

 3    Siemens AG, under this information, Siemens is pleading guilty

 4    to one count of violating the internal controls provisions of

 5    the Foreign Corrupt Practices Act under Title 15 U.S. Code

 6    Section 78m(b)(2)(B), 78m(b)(5) and 78ff(a), and one count of

 7    violating the books and records provisions of the Foreign

 8    Corrupt Practices Act under Title 15 U.S.Code Section

 9    78m(b)(2)(a), 78m(b)(5) and 78ff(a).  Is that correct, sir?

10            MR. SOLMSSEN:  That's correct.

11            THE COURT:  With regard to Siemens Argentina,

12    Siemens Argentina is pleading guilty to one count of

13    conspiracy to violate the books and records provisions of the

14    Foreign Corrupt Practices Act under Title 15 U.S. Code Section

15    78m(b)(2)(A) and 78m(b)(5) in violation of Title 18 U.S. Code

16    Section 371.  Is that correct, sir?

17            MR. HARTWIG:  That's correct.

18            THE COURT:  All right.  As to Siemens Bangladesh,

19    it's pleading guilty to one count of conspiracy to violate the

20    anti-bribery provisions and the books and records provisions

21    of the Foreign Corrupt Practices Act under Title 15 U.S. Code

22    Section 78dd-3 and 78m(b)(2)(A) and 78m(b)(5) and 78ff(a) in

23    violation of Title U.S. -- Title 18 U.S. Code Section 371.  Is

24    that right?

25            MR. HARTWIG:  That is correct.

1       THE COURT:  And as to Siemens Venezuela, it is

2  pleading guilty to one count of conspiracy to violate the

3  anti-bribery provisions and the books and records provisions

4  of the Foreign Corrupt Practices Act under Title 15 U.S. Code

5  Section 78dd-3, 78m(b)(2)(a), 78m(b)(5) and 78ff(a) in

6  violation of Title 18 U.S. Code Section 371.  Is that correct?

7       MR. HARTWIG:  That's also correct.

8       THE COURT:  All right.

9       Now, gentlemen, let me ask you this:  On behalf of

10  your companies, is it fair and accurate to say your companies

11  understand the nature of the offenses that they are pleading

12  guilty to today?

13       MR. SOLMSSEN:  Yes.

14       MR. HARTWIG:  Yes.

15       THE COURT:  All right.  As to Siemens AG, Siemens

16  AG, I understand that the maximum penalty for each violation

17  of Title 15 U.S. Code Section 78m(b)(2)(A) and 78m(b)(5) and

18  of Title 15 U.S. Code Section 78m(b)(2)(B) and 78m(b)(5) is a

19  fine of 25 million or a fine equal to twice the pecuniary gain

20  derived from the offense or twice the pecuniary loss for the

21  offense suffered by a person other than the Defendant, five

22  years probation and a special assessment of $400.  You

23  understand that?

24       MR. SOLMSSEN:  Yes, we do.

25       THE COURT:  Okay.  As to Siemens Argentina, Siemens

1    Bangladesh and Siemens Venezuela, do each of them understand

2    that the maximum penalty for a violation of Federal 18 U.S.

3    Code Section 371 is a fine of $500,000 or a fine equal to

4    twice the pecuniary gain derived from the offense or twice the

5    pecuniary loss suffered by a person other than the Defendant,

6    five years probation and a special assessment of $400?

7            MR. HARTWIG:  We understand.

8            THE COURT:  Okay.  Now, Mr. Muller, you may have

9    there in your notebook, which is pretty thick, I might add,

10   copies of the plea agreements as to each of the Defendants; is

11   that correct?

12           MR. MULLER:  That's correct, Your Honor.

13           THE COURT:  All right.  Now, let me ask a few

14   questions in that regard.

15           First of all, as to Siemens AG, with respect to the

16   plea agreement that's contained there in front of you, have

17   you had an opportunity to review and discuss the terms and

18   conditions of this plea agreement on behalf of the company?

19           MR. SOLMSSEN:  Yes, I have.

20           THE COURT:  All right.  Is it fair to say that the

21   company understands the terms and condition of this plea

22   agreement?

23           MR. SOLMSSEN:  It does.

24           THE COURT:  All right.  And is that your signature

25   on behalf of the company, at the end, acknowledging the terms

1    and conditions and agreeing to the terms and conditions of the

2    plea agreement?

3              MR. SOLMSSEN:  Yes, it is.

4              THE COURT:  Very good.  So, too, with regard to

5    Siemens Argentina, Siemens Venezuela and Siemens Bangladesh,

6    have you reviewed each of those three plea agreements, sir?

7              MR. HARTWIG:  Yes, I have.

8              THE COURT:  And have you had a chance to discuss it

9    at length with counsel?

10             MR. HARTWIG:  Yes.

11             THE COURT:  And are those your signatures that

12   appear on the last page of those documents?

13             MR. HARTWIG:  That's correct.

14             THE COURT:  And in signing those, the company

15   acknowledges that they not only understand those conditions,

16   but they're agreeing to comply with those conditions?

17             MR. HARTWIG:  Yes, sir.

18             THE COURT:  Very good.  Now, I'm going to ask

19   Mr. Muller to briefly describe, recognizing these are lengthy

20   documents and multiple pages and multiple components to it,

21   but -- and they're part of the public record -- certainly are

22   now part of the public record, so I would ask him to briefly

23   describe the terms and conditions of the plea agreement first

24   for Siemens AG and then as it applies to the three

25   subsidiaries.

 1          MR. MULLER:  Yes, Your Honor.  With respect to

 2   Siemens AG, the plea agreement provides that Siemens AG will

 3   waive indictment and plead guilty to the information which is

 4   before Your Honor, that it will pay a fine of approximately

 5   $448,500,000 and that it will agree to hire a monitor who

 6   will, in fact, monitor the effectiveness of its compliance

 7   programs for a period of up to four years.

 8          In addition, the agreement provides that Siemens

 9   will continue to cooperate with the U.S. authorities, both the

10   SEC and the Department of Justice and with the Munich

11   prosecutor in Munich and such other prosecutors as may be

12   mutually agreed with the Government.

13          It is, of course, a part of the plea as well that it

14   will continue to abide by the law both in the United States

15   and elsewhere, and there are various other provisions, but

16   that is the substance of it.

17          With respect to each of the subsidiaries, Your

18   Honor, they are similarly in agreement to waive indictment,

19   plead guilty to the informations and in each of those

20   instances, as well, to cooperate with the Government and to

21   continue to abide by the law.

22          THE COURT:  All right.  Good.  Now --

23          MR. MULLER:  A fine of $500,000 with respect to each

24   of the three subsidiaries.

25          THE COURT:  Exactly.  Now, gentlemen, with regard to

1    those, albeit brief, but nevertheless general observations, do

2    those sound consistent with your understanding of the plea

3    agreement?

4              MR. SOLMSSEN:  Yes, they do.

5              MR. HARTWIG:  Yes.

6              THE COURT:  You have any questions that you would

7    like to either ask Mr. Muller or the Court with regard to the

8    terms and conditions of the plea agreement?

9              MR. SOLMSSEN:  I have no questions.

10             MR. HARTWIG:  No question.

11             THE COURT:  You believe you understand them and the

12   companies understand them?

13             MR. SOLMSSEN:  I do.

14             MR. HARTWIG:  Yes, I do.

15             THE COURT:  All right.  Has anyone threatened your

16   companies in any way to enter into these plea agreements?

17             MR. SOLMSSEN:  No.

18             MR. HARTWIG:  No.

19             THE COURT:  And would it be fair to say that you've

20   had ample opportunity to discuss with your counsel the

21   possible sentences that could be given for the -- for these

22   offenses in question?

23             MR. SOLMSSEN:  Yes.

24             MR. HARTWIG:  Yes.

25             THE COURT:  All right.  Now, of course, in the

1    normal set of circumstances, the Court will not be able to

2    determine the exact sentence until after the presentence

3    report had been completed and the Defense and the Government

4    have an opportunity to challenge the facts reported by the

5    probation officer.

6         You understand, do you not, that in this particular

7    case probation has done a brief investigation of the

8    circumstances and a calculation of the appropriate guideline

9    range in this case; is that correct?

10        MR. SOLMSSEN:  That is correct.

11        MR. HARTWIG:  That's correct.

12        THE COURT:  And you waive any more complete

13   presentence investigation report; do you not?

14        MR. SOLMSSEN:  We do.

15        MR. HARTWIG:  Yes, we do.

16        THE COURT:  All right.  Now, of course, under some

17   circumstances, the Court -- actually, the Government and the

18   Defense may have a right to appeal the sentence of the Court,

19   especially on the grounds of reasonableness; you understand

20   that, don't you?

21        MR. SOLMSSEN:  We do.

22        MR. HARTWIG:  Yes.

23        THE COURT:  All right.  Now, in this particular

24   case, you understand, do you not, that you're waiving your

25   right to appeal the sentence imposed by the Court as long as

1  the Court sentence is consistent with the terms of this C

2  plea; you understand that?

3          MR. SOLMSSEN:  Yes.

4          MR. HARTWIG:  Yes, I understand that.

5          THE COURT:  All right.  You also understand, do you

6  not, the Court is not required to accept this plea and to

7  these circumstances, and if it does not accept it, you may

8  withdraw the plea; you understand that?

9          MR. SOLMSSEN:  Yes.

10          MR. HARTWIG:  I understand that.

11          THE COURT:  All right.  Now, under the terms of this

12  C plea here of Federal Rule 11(c)(4), the Siemens AG company

13  will be sentenced to pay a fine of $448,500,000 and ordered to

14  pay a special assessment fee of $800; you understand that?

15          MR. SOLMSSEN:  Yes, I do.

16          THE COURT:  With regard to Siemens Argentina, they

17  will be ordered to pay a fine of $500,000 and will be ordered

18  to pay a special assessment fee of $400; you understand that?

19          MR. HARTWIG:  Yes, I do.

20          THE COURT:  In regards to Siemens Bangladesh,

21  they'll be ordered to pay a fine of $500,000 and also be

22  ordered to pay a special assessment fee of $400; you

23  understand that?

24          MR. HARTWIG:  I do.

25          THE COURT:  As to Siemens Venezuela, they'll be

1    ordered to pay a fine of $500,000 and be ordered to pay a

2    special assessment fee also of $400; do you understand that?

3           MR. HARTWIG:  Yes.

4           THE COURT:  Now, to the best of each of your

5    knowledge, are each of these companies financially able to pay

6    these fines contemplated in this plea agreement which will

7    total approximately $450 million?

8           MR. SOLMSSEN:  Yes, I am.

9           MR. HARTWIG:  Yes, I am.

10          THE COURT:  Very good.  Now, in addition, with

11   respect to Siemens AG, pursuant to paragraph 10 of the plea

12   agreement, Siemens AG will provide continuing cooperation with

13   certain ongoing investigations by the U.S. Department of

14   Justice, FBI, IRS and the SEC as well as the Munich public

15   Prosecutor's Office and at the Department of Justice's

16   request, all other foreign law enforcement authorities and

17   agencies as the parties agree.  You understand that?

18          MR. SOLMSSEN:  Yes, we do.

19          THE COURT:  The companies prepared to do that?

20          MR. SOLMSSEN:  Yes, it is.

21          THE COURT:  All right.  Furthermore, as to Siemens

22   AG, pursuant to paragraph 11 of the plea agreement, Siemens AG

23   will maintain a compliance and ethics program that at a

24   minimum contains the basic components set forth in Attachment

25   1 of the plea agreement; you understand that?

1    MR. SOLMSSEN:  Yes, I do.

2    THE COURT:  Siemens AG is prepared to do that?

3    MR. SOLMSSEN:  Yes, it is.

4    THE COURT:  Okay.  Finally, with respect to again

5  Siemens AG, pursuant to paragraph 12 of the plea agreement and

6  subject to the approval of the Court, Siemens AG will appoint

7  an independent monitor and an independent U.S. counsel whose

8  duties and responsibilities are set forth in Attachment 2 of

9  the plea agreement to ensure the Siemens AG's ongoing

10  compliance with the U.S. Foreign Corrupt Practices Act; you

11  understand that?

12    MR. SOLMSSEN:  Yes.

13    THE COURT:  And your company is prepared to do that;

14  is that correct?

15    MR. SOLMSSEN:  Yes, it is.

16    THE COURT:  Finally, with respect to Siemens

17  Argentina, Bangladesh and Venezuela, pursuant to paragraph 9

18  of the respective plea agreements, each pledges its continuing

19  cooperation with respect to compliance with its plea agreement

20  and commitments to any future orders of this court; is that

21  correct?

22    MR. HARTWIG:  Yes, it is.

23    THE COURT:  And they are prepared to do that, are

24  they not?

25    MR. HARTWIG:  Yes, they are.

 1          THE COURT:  All right.  So, would it be fair to say

 2  Defendants understand and agree to all the obligations set

 3  forth in the plea agreement?

 4          MR. SOLMSSEN:  Yes.

 5          MR. HARTWIG:  Yes.

 6          THE COURT:  Very good.  Now, gentlemen, I'm going to

 7  ask the Government to give a brief summary of the evidence

 8  they would have proven if this case had gone to trial.  You

 9  can have a seat, but listen carefully, nonetheless, and then

10  I'll ask you, in a few minutes, a couple of questions with

11  regard to the Government's description of the events set

12  forth.

13          In addition, I will be asking the Government to

14  state for the record why, in the opinion of the -- in the

15  opinion and the judgment of the Government, this court should

16  accept this C plea as being in the interest of justice.

17          Ms. Weinstein.

18          MS. WEINSTEIN:  Well, Your Honor, as you know, there

19  is a lengthy statement of offense for each of the Defendants

20  listed here, so --

21          THE COURT:  Very lengthy.

22          MS. WEINSTEIN:  -- as the Court had suggested, I

23  proposed providing just a brief summary of the facts related

24  to each.

25          THE COURT:  Hit the highlights.

1          MS. WEINSTEIN:  Okay.  With respect to Siemens AG,

2     starting in the mid 1990s, Siemens Aktiengesellschaft to which

3     I will refer as Siemens AG --

4          THE COURT:  Please.

5          MS. WEINSTEIN:  -- engaged in systematic efforts to

6     knowingly and willfully fail to implement internal controls as

7     well as to circumvent internal controls it did have in place

8     and to falsify its corporate books and records.

9          On March 12th of 2001, Siemens AG became listed on

10    the New York Stock Exchange and as such became an issuer

11    subject to United States securities laws, including the

12    Foreign Corrupt Practices Act.

13         From March 12th of 2001 through approximately 2007,

14    Siemens AG made payments totaling approximately $1.36 billion

15    through various mechanisms.  Included in this total were

16    approximately $805.5 million in payments that were intended

17    either in whole or in part as corrupt payments to foreign

18    officials in exchange for favorable business treatment for

19    Siemens AG and its subsidiaries.

20         The balance of the $1.36 billion of payments was

21    disbursed for unknown purposes.  These payments were made

22    possible due to Siemens AG's knowing and willful failure to

23    implement its internal controls and circumvent the existing

24    controls.

25         With respect to the books and records charges, from

1   2000 to 2002, four Siemens AG's subsidiaries were awarded 42

2   contracts with a combined value of more than $80 million with

3   the Iraqi Ministries of Electricity and Oil under the United

4   Nations World For Food Program.  To obtain these contracts,

5   the Siemens subsidiaries knowingly paid at least $1,736,076 in

6   kickbacks to the Iraqi Government and collectively earned over

7   $38 million in profits.

8       The subsidiaries did so by inflating their contracts

9   by 10 percent to accommodate the kickbacks and then cause the

10  falsification on the corporate books and records by recording

11  those payments as commissions to business consultants.  The

12  inflated contracts were then submitted to the United Nations

13  and to a body called the 661 Committee in New York, New York

14  for approval.

15      With respect to Siemens Argentina, from

16  approximately September 1998 through 2007, Siemens S.A.

17  Argentina, to which I will refer as Siemens Argentina, made

18  and caused to be made significant payments to various

19  Argentine government officials, both directly and indirectly,

20  in exchange for favorable business treatment in connection

21  with a one-billion-dollar national identity card project.

22      From the date of Siemens AG's listing on March

23  12th, 2001 through approximately January 2007, Siemens

24  Argentina and others conspired to falsify the corporate books

25  and records of Siemens AG in connection with approximately

1    $31,263,000 in corrupt payments to various Argentine

2    government officials through purported business consultants or

3    other conduits.

4            Siemens Argentina and its co-conspirators knowingly

5    and willfully caused the corrupt payments to be falsely

6    characterized on its books and records as consulting fees or

7    legal fees and caused those false characterizations to become

8    a part of the books and records of Siemens AG.

9            With respect to Siemens Bangladesh, from

10   approximately May 2001 to approximately August of 2006,

11   Siemens Bangladesh Limited, to which I will refer as Siemens

12   Bangladesh, and others, conspired to make payments totaling

13   approximately $5,319,839 to purported business consultants

14   knowing that some or all of those payments constituted bribes

15   to various Bangladeshi government officials for the purpose of

16   obtaining or retaining a government contract relating to a

17   national mobile telephone project.

18           At least one payment for each of the purported

19   consultants was made from a U.S. Siemens bank account.

20   Siemens Bangladesh and others also conspired to falsify the

21   books and records of Siemens Bangladesh and of Siemens AG by

22   knowingly and willfully classifying the corrupt payments as

23   expenses for commissions, business consultant fees and other

24   seemingly legitimate purposes.

25           Finally, with respect to Siemens Venezuela, from

1   approximately November 2001 through May 2007, Siemens S.A.

2   Venezuela, to which I will refer as Siemens Venezuela, and

3   others conspired to make payments totaling approximately

4   $18,782,965 to third-party conduits in the United States and

5   elsewhere knowing that some or all of those payments

6   constituted bribes to Venezuelan government officials for the

7   purpose of obtaining and retaining government contracts

8   related to rail transportation projects in the cities of

9   Valencia and Maracaibo, Venezuela.

10         Siemens Venezuela and others also conspired to

11   falsify the books and records of Siemens Venezuela and Siemens

12   AG by knowingly and willfully falsifying -- falsely

13   classifying the corrupt payments as expenses for consulting

14   fees, workshop equipment, studies, commissions and shipping

15   and marketing costs.

16         These facts are described, as I stated, in further

17   detail in the four filed criminal informations as well as the

18   statements of offense that have been signed and agreed to and

19   submitted to Your Honor.  So, unless Your Honor has further

20   questions, I will leave that as a sufficient summary of the

21   facts in the case.

22         THE COURT:  All right.  Thank you very much,

23   Ms. Weinstein.

24         Come back up, Mr. Muller, with your clients, please.

25         Gentlemen, first, with regard to Siemens AG, you

 1    heard the abbreviated summary of the statement of the offense

 2    as to Siemens AG.  Is that consistent with your understanding

 3    of the facts in this case?

 4              MR. SOLMSSEN:  Yes, it is.

 5              THE COURT:  All right.  And would you say it's a

 6    fair and accurate description?

 7              MR. MULLER:  It is.

 8              THE COURT:  All right.  And with regard to Siemens

 9    Venezuela, Siemens Argentina and Siemens Bangladesh, you heard

10    the abbreviated summary as to each of those three, would you

11    say that's a fair and accurate description of the events with

12    regard to each of those?

13              MR. HARTWIG:  Yes, it is.

14              THE COURT:  Very good.  So, in the case of each of

15    your companies, they are pleading guilty because they are in

16    fact guilty; is that right?

17              MR. SOLMSSEN:  Yes.

18              MR. HARTWIG:  Yes.

19              THE COURT:  All right.  And they're doing so

20    voluntarily; is that correct?

21              MR. SOLMSSEN:  That's correct.

22              MR. HARTWIG:  Yes.

23              THE COURT:  Very good.  Now, do you have any

24    questions that you'd like to ask either Mr. Muller or the

25    Court with regard to these plea agreements before I accept the

1    plea, recognizing that I'm not likely to let the companies to

2    change their mind or withdraw the plea at any later time, so

3    if you have any questions, this would be the time to ask

4    Mr. Muller or the Court.

5              MR. SOLMSSEN:  I have no questions.

6              MR. HARTWIG:  I have no questions.

7              MR. MULLER:  One clarification, Your Honor, perhaps

8    unnecessary.  Obviously, none of these gentlemen have personal

9    knowledge of the facts that they have agreed to here today.

10   Instead, it's based on information and belief.

11             THE COURT:  Very good.  That's fine.  Now, have a

12   seat, gentlemen.  Before I accept the plea, I want to hear a

13   statement from the United States as to why the sentences that

14   have been agreed to by the Government with these Defendants is

15   in the interest of justice and consistent with the best

16   interest of the United States.

17             I realize in your sentencing memorandum, pages 15 to

18   24, you set that forth in particular detail, but I think a

19   brief statement as to why, especially in light of the fact

20   that the fines for the company are below the guideline

21   calculation range, why they nonetheless are fair and

22   appropriate and in the best interest of the United States in

23   this particular case.

24             MS. WEINSTEIN:  Certainly, Your Honor.  The

25   Department and the Defendants' counsel spent many, many months

1   and thousands of man hours, as you can imagine, negotiating

2   the dispositions before the Court today.  The Department, in

3   analyzing the appropriate sentences for this global

4   disposition, considered the factors set forth in 18 U.S.C.

5   3553A.

6          In particular, the Department considered the need

7   for the sentence to reflect the seriousness of the offense, to

8   promote respect for the law and to promote just punishment for

9   the offense as well as the need to afford adequate deterrents

10  to this type of criminal conduct.

11         The criminal conduct by these Defendants as set

12  forth in the informations and the statements of offense is

13  farther reaching in scope and magnitude than the Department

14  has ever seen in any previous Foreign Corrupt Practices Act

15  case.  The knowing internal controls failures resulting in

16  corrupt payments to foreign officials were widespread

17  throughout the company's operational groups and regions, as

18  well as facilitated by the knowledge and involvement of these

19  practices at the highest levels of Siemens AG and its

20  subsidiaries.

21         Crimes of official corruption threatened the

22  integrity of the global marketplace and undermined the rule of

23  law in the host countries.  On the other hand, the company has

24  put forth extraordinary efforts with respect to cooperation

25  and remediation and has substantially assisted the Department

1    in its investigation of others, including both former officers

2    and employees of Siemens as well as unaffiliated third

3    parties.

4            Under the sentencing guidelines, the Department also

5    considered those as factors in determining the appropriate

6    sentences here.  With respect to Siemens AG, the penalty was

7    firmly grounded in the sentencing guidelines analysis with a

8    substantial reduction from the low end of the guidelines range

9    due to a number of factors, including the cooperation,

10   remediation and substantial assistance that I just mentioned

11   as well as the past and anticipated penalties that Siemens

12   will pay in connection with related cases.

13           The first related case I wanted to discuss briefly

14   was that of the SEC.  As Your Honor is aware, the

15   Department -- the Securities and Exchange Commission civil

16   charges against Siemens AG, laid out in documents also filed

17   before the Court on Friday, include allegations related to the

18   bribery of foreign officials in connection with the same

19   projects the Department has charged against Siemens S.A.

20   Argentina, Siemens Bangladesh Limited and Siemens S.A.

21   Venezuela, but in addition, the SEC's disposition relates to

22   allegations of corruption in Vietnam, Israel, Mexico, Nigeria,

23   China and Russia.

24           Siemens AG has agreed to pay $350 million in the

25   disgorgement of profits to settle the SEC's charges.  SEC

1    Associate Director of Enforcement Cheryl Scarboro is here and

2    available to answer further questions if Your Honor has any

3    about that settlement.

4         In addition, the Department has considered the

5    settlement that the company has reached with the Munich Public

6    Prosecutor's office in connection with charges of Siemens'

7    failure to supervise its officers and directors and employees.

8    We understand the company has agreed to pay sanctions of

9    approximately 395 million Euros in connection with this case,

10   or approximately $569 million.

11        In October of 2007, Siemens AG also agreed to pay

12   201 million Euros to the Munich Public Prosecutor or

13   approximately $287 million in connection with charges of

14   corrupt payments to foreign officials by its

15   telecommunications group.

16        Thus, in total, the Munich Public Prosecutor will

17   have imposed sanctions of 796 million Euros or approximately

18   $856 million, and if Your Honor accepts the guilty pleas and

19   proposed sentences before the Court today, Siemens AG and its

20   subsidiaries will have paid a total of over $1.6 billion in

21   connection with resolving its U.S. and German cases.

22        The Department believes that a penalty for Siemens

23   AG of $448,500,000 approximately balance -- appropriately

24   balances both the egregious misconduct that I described and

25   the company's exemplary cooperation and remediation.

1          And with respect to each of the three Siemens

2    subsidiaries charged in connection with the global

3    disposition, the Department and the Defendants agree that the

4    appropriate penalty is the statutory maximum for the

5    conspiracy charge of $500,000.

6          THE COURT:  Very good.

7          MS. WEINSTEIN:  Thank you, Your Honor.

8          THE COURT:  Very good.  Come back up, Mr. Muller.

9    All right.  Gentlemen, you heard the Government's description

10   of the circumstances here, you've read the Government's

11   description of the facts regarding the conduct of your

12   companies.  Do you still wish to go forward and enter a plea

13   of guilty?

14         MR. SOLMSSEN:  We do.

15         MR. HARTWIG:  Yes, we do.

16         THE COURT:  Very good.  Well, it's the finding of

17   the Court that the plea agreement in this case is a reasonable

18   and fair resolution of this matter.  The Court is particularly

19   impressed with the level and degree of cooperation, and in

20   some respects, model cooperation, that's been provided by the

21   Siemens company as well as the nature and extent of the

22   compliance program that it is agreeing to comply with

23   completely and which the Court, of course, will have some

24   oversight over to the extent it's not complied with.

25         The Court believes this is a reasonable and fair

 1    resolution of the case and will accept the plea.   The Court

 2    finds Defendants know their rights under the constitutional

 3    laws of the United States and have chosen voluntarily,

 4    particularly the right to a trial, the right against

 5    self-incrimination.   The Court finds that they are well aware

 6    of the maximum possible punishment for the offenses to which

 7    they are pleading guilty and they are well aware, each one of

 8    them, that the -- of the consequences for failure to comply.

 9           The Court also finds that the plea is a knowing and

10    voluntary plea supported by an independent basis of fact as to

11    each of the essential elements of the offense.   The Court will

12    accept the plea for each of the four companies as set forth in

13    the informations in each particular case.

14           Having done so, the Court will pronounce sentence

15    with respect to each corporations, as follows:   With regard to

16    Siemens AG, it is hereby ordered that they be sentenced

17    pursuant to 11(c)(1)(C) to pay a total fine in the amount of

18    448,000 -- 448,500,000.   The fine shall be paid in one full

19    payment to within 15 days of the imposition of sentence in

20    this case.

21           It is further ordered that they will comply

22    completely with the terms and conditions of the plea

23    agreement; in particular, the compliance and ethics program

24    set forth in an attachment hereto.

25           It is further ordered that Siemens AG will pay a

1   special assessment fee of $800, and that's due immediately.

2   With regard to appeal, the Corporation has a right to appeal

3   the Court's sentence.  If it chooses to do so, it must within

4   10 days after the Court has entered judgment in the case.

5           Now, with regard to Siemens Argentina.  It's the

6   judgment of the Court that Siemens S.A. Argentina be sentenced

7   pursuant to 11(c)(1)(C) as follows:  It shall pay a fine in

8   total in the amount of $500,000.  The fine shall be paid in

9   one full payment due within 15 days of the imposition of

10  sentence.  It is further ordered that they pay a special

11  assessment fee of $400, and that fee is due immediately.

12          Again, the Corporation has a right to appeal the

13  sentence imposed by the Court.  If it wishes to do so, they

14  must do it so within 10 days after the Court has entered

15  judgment in the case.

16          With regard to Siemens Bangladesh.  Siemens

17  Bangladesh Limited is hereby sentenced pursuant to 11(c)(1)(C)

18  as follows:  It is ordered to pay a total fine in the amount

19  of $500,000.  That fine shall be paid in one full payment due

20  within 15 days of the imposition of sentence.  They are

21  further ordered to pay a special assessment fee of $400.  That

22  fee is due immediately.

23          The Corporation has a right to appeal this sentence

24  imposed by the Court.  If it chooses to do so, it must within

25  10 days after the Court has entered judgment in the case.

1        Finally, with regard to Siemens S.A. Venezuela.

2  Siemens Venezuela is hereby sentenced pursuant to 11(c)(1)(C)

3  as follows:  It shall pay a total fine in the amount of

4  $500,000.  That fine shall be paid in one full payment due

5  within 15 days of imposition of sentence.  It is further

6  ordered that Siemens Venezuela pay a special assessment fee of

7  $400.  That fee is due immediately.

8        The Corporation has a right to appeal the Court's

9  sentence.  If it chooses to do so, it must do so within 10

10 days after the Court has entered judgment in the case.

11        Those are the sentences in the case.  You may have a

12 seat, gentlemen.

13        Ms. Weinstein, the Government has moved to seal a

14 supplemental pleading that's been filed in this case.  If you

15 could just state in general terms what it is, without

16 revealing anything, what the general purpose is and why it's

17 making such a motion.

18        MS. WEINSTEIN:  Certainly, Your Honor.  In the

19 sentencing memorandum submitted by the Government, the

20 Department recognized in -- as part of the analysis for

21 reaching the proposed penalties, the outstanding cooperation

22 and substantial assistance provided by Siemens AG not only

23 with respect to rooting out the corruption and the misconduct

24 by its own employees and officers but has also substantially

25 assisted the Government in connection with its investigation

1    of third parties unaffiliated with Siemens or its

2    subsidiaries.

3          As a result, the Department has laid out in the

4    sealed sentencing memorandum supplement a number of

5    individuals and entities about which the Department now has

6    information to pursue investigations that it would not have

7    had otherwise without the assistance of Siemens, and that is

8    the general contents of the supplement to the sentencing

9    memorandum.

10          THE COURT:  Very good.  And the Court will grant

11   that motion.

12          MS. WEINSTEIN:  Thank you, Your Honor.

13          THE COURT:  And one other point, just for the

14   record, unless there be any confusion or question in the minds

15   of anyone, one cannot help but note in the statement of the

16   offense, which is now part of the record in this case, that

17   certain parties are not named.  They're referred to in

18   anonymous terms.

19          Could you please explain for the record why that is

20   done and why that is the policy of the Department of Justice

21   under these circumstances?

22          MS. WEINSTEIN:  Absolutely, Your Honor.  With

23   respect to the anonymizing of individuals, we do not generally

24   name co-conspirators or related parties in our FCPA or other

25   criminal matters before the Main Justice Department.  In part,

1    that is because for each and every one of those individuals,

2    there are required approvals necessary in order to name those

3    individuals without actually having indicted or brought

4    charges against them; however, the Department worked to ensure

5    that there was sufficient clarity with respect to these

6    individual's positions and responsibilities, that they were

7    sufficiently described in the criminal informations and

8    statements of the offense.

9              THE COURT:  All right.  Thank you very much.  You

10   can have a seat.

11             MS. WEINSTEIN:  Thank you, Your Honor.

12             THE COURT:  We have a representative here from the

13   SEC?  Come on up.  Welcome.

14             MS. SCARBORO:  Thank you.  I'm Cheryl Scarboro.

15             THE COURT:  Welcome, Ms. Scarboro.  You filed your

16   complaint on Friday.

17             MS. SCARBORO:  Yes.

18             THE COURT:  And your consent judgment; is that

19   correct?

20             MS. SCARBORO:  That's right.

21             THE COURT:  And a final judgment for the Court's

22   approval.

23             MS. SCARBORO:  Yes.

24             THE COURT:  All right.  The Court has reviewed these

25   documents and finds them satisfactory and has signed off on

1  the final judgment in this case.

2          Is there anything else the Court needs to do at this

3  point?

4          MS. SCARBORO:  We have one minor change that we

5  would like to make to the complaint.  It's in paragraph 56.

6          THE COURT:  Paragraph 56.

7          MS. SCARBORO:  Right.  Instead of a portion of that

8  sentence on paragraph -- in paragraph 56, instead of saying,

9  "then CFO of Siemens Limited China, a Regional Company," will

10  read "then CFO of Siemens Med China."

11          We've made that change and have a page that we can

12  provide as a substitute.

13          THE COURT:  All right.  Very good.  And as to the

14  final judgment, that wouldn't materially affect that --

15          MS. SCARBORO:  It won't affect any other --

16          THE COURT:  -- in any way, will it?

17          MS. SCARBORO:  No, it will not.

18          THE COURT:  The Court will accept your -- accept

19  your amendment.

20          Mr. Muller, is that agreeable to the companies?

21          MR. MULLER:  Yes.  Thanks to your court and to the

22  SEC.

23          THE COURT:  Very good.  Is there anything else?

24          MS. SCARBORO:  That's it.

25          THE COURT:  Very good.  Is there anything else from

1    the Government, Ms. Weinstein?

2              MS. WEINSTEIN:  No, Your Honor.

3              THE COURT:  Anything else from the companies,

4    Mr. Muller?

5              MR. MULLER:  No, Your Honor.

6              THE COURT:  We stand in recess.

7              THE DEPUTY CLERK:  All rise.  This honorable court

8    stands in recess.

9              (PROCEEDINGS END AT 10:47 A.M.)

10                          *-*-*-*

11              **CERTIFICATE OF REPORTER**

12              I, Catalina Kerr, certify that the foregoing is a

13   correct transcript from the record of proceedings in the

14   above-entitled matter.

15

16

17

18

19   _____    _____

20   Catalina Kerr                       Date

21

22

23

24

25